**BAILEY, Relator, v. CUYAHOGA COUNTY BOARD OF ELECTIONS, Respondent.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25054. Decided September 23, 1959.

R. F. Belovich, for relator.
John T. Corrigan, Pros. Atty., for respondents.

**OPINION**

Per CURIAM:

The relator, Waldo Bailey, instituted this proceeding in this court against respondent, Board of Elections of Cuyahoga County. In his petition he alleges that he has been and is now, and at all times mentioned herein, was a duly qualified elector in the municipality of North Royalton, County of Cuyahoga and State of Ohio; that he is eligible to

vote and file his petition as a candidate for the office of Mayor of the City of North Royalton, Ohio.

He alleges further that on August 19, 1959, he did file his nominating petitions with the Board of Elections, as evidenced by the receipt of the Board of Elections, No. D6799, dated August 19, 1959. He also alleges that he filed a total of one hundred and forty-nine (149) signers on his nominating petitions, whereas only seventy-three (73) were required to nominate him for the office of Mayor.

He further alleges that on September 12, 1959, he received a form letter from the Board of Elections advising him that his petitions for Mayor were being declared void because:

"you have failed to sign the acceptance of the nomination."

He further alleges that a hearing was had before the Board of Elections on September 18, 1959, at which time he was advised that his nominating petitions were void because he did not sign the acceptance on the front of said petition indicating that he had accepted the nomination.

He further alleges that the action of the defendant, The Board of Elections, in the refusal to allow the petitions to be certified is the failure of the Board of Elections to perform an official duty, and the action of the said defendant, the Board of Elections, in so refusing, is arbitrary, illegal and a gross abuse of discretion, without authority of law, and a clear disregard of the applicable provisions of the Law of Ohio pertaining to a legal acceptance.

The relator's prayer is that a peremptory writ of mandamus issue, ordering the Board of Elections of Cuyahoga County, to certify the nominating petitions of the relator as being satisfactory and to notify the printer to have his name placed on the ballot for the coming election as a candidate for the office of Mayor in the City of North Royalton, County of Cuyahoga, State of Ohio, on November 3, 1959, for the term beginning January 1, 1960.

The facts in this case are not in dispute, having been stipulated by counsel in open court. The evidence consists of six nominating petitions filed by the relator, the receipt given to the relator by a clerk of the Board of Elections, and the letter sent to the relator by the respondent. The facts are that these nominating petitions were filed on August 19, 1959, by the relator in person, at which time he paid a filing fee of $30.00 and got a written receipt showing the payment thereof. The facts also are that the petitions were checked on the following day, August 20, and were found to contain more than the required number of signatures thereon, but for some unexplained reason, the respondent failed to notify relator of the claimed deficiency with respect to his signature of acceptance until after the filing date had expired, said date being some two weeks after discovery of such claimed deficiency. It is also stipulated by the parties that when relator appeared on August 19, delivered the petitions and paid his filing fee, he asked the clerk who accepted the petitions and the filing fee if there was something further that he should sign and was told "no" by the clerk at the desk and was also told that nothing further was required of him. The facts further are that the petitioner had attached his signature to the petitions

twelve times, in other words, two on each petition, signifying his desire and intention to become a candidate for the office of Mayor, which was told the respondent at the hearing before them. Hence, there could be no doubt as to the acceptance of his nomination.

The evidence of the original signatures on the petitions twelve times announcing his candidacy, together with the fact that in answer to a specific question, namely, that he was told there was nothing further for him to sign, shows 1) that he was misled by the Board of Elections and 2) that there was substantial compliance by him of his acceptance of the nomination, and the mere adding of his signature at the exact place designated for such acceptance under these circumstances would amount to a formality without adding anything intrinsic to the matter of his acceptance of the candidacy for Mayor of North Royalton.

In view of the clear facts surrounding this transaction between Waldo Bailey and the Board of Elections, it is our conclusion that the relator substantially complied with all requirements of the law when filing his petition with the respondent and that the respondent, because of its action in the matter, is estopped from claiming a defect in the petition as filed.

Consequently, a peremptory writ of mandamus as prayed for is allowed. Order see journal.

HURD, PJ, KOVACHY, J, concur.
SKEEL, J (not participating).